IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **TROY KEMP,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|    v. | )   Case No. 18-cv-03167 |
| | ) |
| **LEIDOS, INC.,** | ) |
| | ) |
|       **Defendant.** | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Leidos, Inc.'s ("Leidos") Motion to Strike. (d/e 24). Defendant's motion is DENIED.

## I.   Background

Plaintiff Troy Kemp filed a Complaint against Defendant Leidos on July 5, 2018. (d/e 1). In the Complaint, Plaintiff alleged that his employment termination from Leidos on October 7, 2016 amounted to one count of employment discrimination in violation of 42 U.S.C. § 2000e-2(a), one count of failure to pay Plaintiff proper wages under Section 2 of the Illinois Wage and Payment Collection Act, 820 ILCS 115/2, and one count of breach of contract for failure

to pay Plaintiff incentive bonuses allegedly agreed to by Defendant. Compl. at pp. 3–8.

On April 7, 2020, Defendant filed a Motion for Summary Judgment (d/e 22) and Plaintiff filed a Memorandum in Opposition (d/e 23) on May 7, 2021.  Attached to the Memorandum in Opposition, Plaintiff included an Affidavit of Mr. James P. Baker, who is Plaintiff's counsel.  Baker Aff. (d/e 23-3).  The Affidavit includes and references two communications. The first is an email from Mr. Baker to Ms. Jessica Bryden and Ms. Amanda M. Braden, both of whom were employees of Defendant though their exact positions are not stated.  In the email, Mr. Baker stated that he was Plaintiff's counsel and requested information to which he believed Plaintiff was entitled under the Older Workers Benefit Protection Act (the "Act").  29 U.S.C. § 626(f).  Specifically, Mr. Baker requested "information describing the class, unit or group of individuals covered by [an employment termination] program [and] the job titles and ages of both individuals [who are] eligible or selected for the program and those not eligible or selected for the program."  Baker Aff. at p. 3.

The other communication is a response to Mr. Baker from Mr. Brian Liss, Defendant's Senior Vice President and Deputy General Counsel.  In that email, Mr. Liss stated that Plaintiff "was not a part of an employment termination program," so neither did the information Mr. Baker sought exist nor was Plaintiff's layoff covered by the Act.  Baker Aff. at p. 5.  Additionally, Mr. Liss stated that Plaintiff was terminated from his role after his performance dropped following a transfer to a new role during a company reorganization. Id.

After Plaintiff filed his Memorandum in Opposition containing the Baker Affidavit, Defendant filed a Motion to Strike.  (d/e 24).  In that motion, Defendant argues that the communications constitute evidence of statements made in furtherance of settlement negotiations inadmissible under Federal Rule of Evidence 408.

## II.   Legal Standard

Federal Rule of Civil Procedure 12(f) governs motions to strike. Rule 12(f) states:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
>     (1) on its own; or

>(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Id.

The Court has considerable discretion under Rule 12(f). Delta Consulting Group, Inc. v. R. Randle Construction Inc., 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because such motions often only delay the proceedings. See Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). However, if a motion to strike removes unnecessary clutter from the case, then the motion serves to expedite, not delay, the proceedings. Id.

### III.  Analysis

Defendant has filed its Motion to Strike pursuant to Federal Rule of Civil Procedure 56, which governs motions for summary judgment and the procedures for contesting the facts asserted in such motions. Generally, Rule 56 states that all material relied upon in a motion for summary judgment must be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in

evidence"); Id. at 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence"). When the material is in the form of inadmissible evidence, it may be struck. See Hahn v. Walsh, 915 F.Supp.2d 925, 942 (C.D. Ill. 2013), aff'd, 762 F.3d 617 (7th Cir. 2014); Sow v. Fortville Police Dep't, 636 F.3d 293, 301 (7th Cir. 2011) ("[A] court may consider only admissible evidence in assessing a motion for summary judgment.")

Defendant argues that the Baker Affidavit contains inadmissible evidence. Specifically, Defendant argues that the statements made in both emails within the Baker Affidavit are statements made during compromise negotiations and, therefore, inadmissible under Federal Rule of Evidence 408.

Federal Rule of Evidence 408(a)(2) states that evidence of "a statement made during compromise negotiations about the claim" is inadmissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." A statement will be inadmissible under Rule 408 if there is a "substantial showing that [the statement] was part of a settlement attempt" and the statement would be used to establish a

claim.  New Burnham Prairie Homes, Inc. v. Vill. of Burnham, 910 F.2d 1474, 1482 (7th Cir. 1990).

Here, the statements in the Baker Affidavit are not barred by Rule 408.  As Plaintiff points out, the initial email from Mr. Baker to Leidos' employees sought information to which Plaintiff had a statutory right under the Older Workers Benefit Protection Act (the "Act").  Mem. in Opp'n (d/e 23).  The Act provides, among other things, the procedures for when an individual may waive a claim of age discrimination after being discharged from employment.  29 U.S.C. §§ 626(b) & (f).  In pertinent part, the Act mandates individuals be "advised to consult with an attorney prior to executing" any termination agreement in which they waive discrimination rights.  Id.  Furthermore, the Act states "if a waiver is requested in connection with an exit incentive or other employment termination program offered to a group or class of employees, the employer" is required to inform the individual as to

- (i) any class, unit, or group of individuals covered by such program, any eligibility factors for such program, and any time limits applicable to such program; and
- (ii) the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or

>organizational unit who are not eligible or selected for the program.

Id.

The information requested in the first email within the Baker Affidavit is the information Leidos would be required to provide under the Act if Plaintiff were terminated as part of an employment termination program. The information provided in the second email is a response stating that Plaintiff was evidently not terminated as part of such a program and, therefore, the information sought did not exist. Neither email contains, as Defendant argues, evidence concerning statements made in compromise negotiations regarding Plaintiff's claims of employment discrimination, Illinois Wage and Payment Collection Act violations, or breach of contract. Therefore, neither email is barred by Rule 408.

## IV. Conclusion

Because the information in the Baker Affidavit contains neither inadmissible evidence nor any redundant, immaterial, impertinent, or scandalous matter, Defendant's Motion to Strike (d/e 24) is DENIED.

**IT IS SO ORDERED.**

**ENTERED:  September 30, 2021**

　　　　　　　　　　　　　　　　　　*/s/ Sue E. Myerscough*
　　　　　　　　　　　　　　　　　**SUE E. MYERSCOUGH**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**